Erin J. Wynne
Wynne & Mello, PLLC
413 W Jefferson St., Ste 4
P.O. Box 1771
Boise, ID 83701
Telephone (208) 991-0791
Facsimile: (208) 473-2043
Email: erin@wynneandmello.com
ISB No. 7251

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bkr. Case No. 13-01665 |
| JERRY EDWARD AGUIRRE, | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | **)** | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| | ) | Adversarial Case No. |
| JEANNA RORHENBACH aka AGUIRRE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT TO DETERMINE |
| vs. | ) | DISCHARGEABILITY AND IN |
| | ) | OBJECTION TO DISCHARGE |
| JERRY EDWARD AGUIRRE | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

1

COMPLAINT TO DETERMINE DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE

COMES NOW the above-named Plaintiff, Jeanna Rohrenbach aka Aguirre, and ex-spouse of the above named debtor, Jerry Edward Aguirre, and hereby alleges as follows:

INTRODUCTION

1. Debtor Jerry Edward Aguirre (hereinafter referred to as "Jerry") filed for relief under Chapter 7 of Title 11 on August 14, 2013, wherein he seeks to discharge certain debts.

2. Plaintiff Jeanna Rohrenbach aka Aguirre (hereinafter referred to as "Jeanna") and Jerry were at one time married and voluntarily divorced and a Judgment and Decree of Divorce (hereinafter referred to as the "Divorce Decree") was entered on September 29, 2011.   A true and correct copy of the Judgment and Decree of Divorce is attached hereto as Exhibit "A".

3. The Divorce Decree provided for the following distribution of Jeanna and Jerry's community liabilities to Jerry :

A. Parties to equally divide the first and second mortgage with Wells Fargo on the property located at 3703 N 2544 E, Twin Falls, Idaho, the remaining balance of which is $115,000.00 after foreclosure.

B. Jerry to be responsible for the Cabella's account in the amount of $6,580.77;

COMPLAINT TO DETERMINE DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE

2

C. Jerry to be responsive for tax obligations to the IRS in the amount of $757.00 for 2012, $1,622.27 for 2011, and $12,317.03 for 2010.

4. Jerry seeks to have the aforementioned debts discharged in his bankruptcy.

## JURISDICTION

5. This in an adversary proceeding in the Debtor's Case No. 13-01665 under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § § 727 and 523. This is a core proceeding under 28 U.S.C. § §157(b)(2)(I) and (J).

6. Debtor is not eligible for discharge as a debtor in his bankruptcy as to the aforementioned debts in his bankruptcy action pursuant to 11 U.S.C. § § 727(b). Further, the aforementioned debts are not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. § 523(a)(15).

## GENERAL ALLEGATIONS

7. The Plaintiff, Jeanna Rohrenbach aka Aguirre (Jeanna), is a married woman, who lived in Ada County, Idaho at all times relevant to the allegations in this Complaint.

8. Jeanna is the ex-spouse of the Debtor, Jerry Aguirre (Jerry).

9. Upon information and belief, Jerry is a single man who lived in Ada County, Idaho at all times relevant to the allegations in this Complaint.

10. Jeanna and Jerry divorced on September 29, 2011 and a Judgment and Decree of Divorce was entered in the District Court for the State of Idaho, County of Ada,

Case No. CV DR 2011-01804.

11. The Divorce Decree provided for the distribution of community debts to the parties, and specifically provided the following:

    A. Parties to equally divide the first and second mortgage with Wells Fargo on the property located at 3703 N 2544 E, Twin Falls, Idaho, the remaining balance of which is $115,000.00 after foreclosure.

    B. Jerry to be responsible for the Cabella's account in the amount of $6,580.77;

    C. Jerry to be responsive for tax obligations to the IRS in the amount of $757.00 for 2012, $1,622.27 for 2011, and $12,317.03 for 2010.

    D. Any amounts charged to the Discover Card after the date of separation.

12. Jerry subsequently filed for Chapter 7 Bankruptcy on August 14, 2013, seeking to discharge the community debts assigned to him pursuant to the Divorce Decree.

13. If Jerry were allowed to discharge the aforementioned debts, it is possible that those creditors could seek repayment of those debts from Jeanna.

14. As of November 6, 2013, Jerry has not paid the aforementioned debts, nor has he made arrangements with Jeanna to make any payments to her for said debts.

15. Jeanna further avers that based upon the foregoing facts and others that will be developed in the course of discovery, Jerry's actions are in contravention of the provisions of 11 U.S.C. § 523(a)(15) and, therefore, constitute grounds to deny the

debtor's discharge as to the aforementioned community debts assigned to him in the Divorce Decree.

16. Jeanna has been required to retain the services of Wynne & Mello, PLLC to pursue this action against Jerry and therefore, should she prevail at hearing, should be entitled to reimbursement of all attorneys' fees and costs associated with this adversarial proceeding.

WHEREFORE Plaintiff prays:

a. That Defendant be required to answer in the time allowed by law;

b. That upon a hearing of this matter, the Court deny the discharge of the debtor as to the accounts stated in this Complaint;

c. Enter an order awarding Plaintiff her reasonable attorney's fees; and

d. That the Court grant such other relief as is just and proper.

DATED this 11th of November, 2013.

WYNNE & MELLO, PLLC

/s/ Erin J. Wynne
BY: Erin J. Wynne
    Attorney for Plaintiff

5

COMPLAINT TO DETERMINE DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 11, 2013, I caused to be filed a copy of the foregoing electronically through the CM/ECF system, which causes the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Debtor Jerry Aguirre by and through counsel @ fstern@fsternlaw.com

    Jeremy Gugino, Chapter 7 Trustee

    Mary Kimmel, United States Trustee

    and all those receiving notice through the CM/ECF system in this case

      AND I FURTHER CERTIFY that on such date I caused to be served the foregoing on the following non-CM/ECF Registered Participants via first class mail, postage prepaid addressed as follows:

    Jeanna Aguirre
    8753 W Wall Dr.
    Boise, ID 83709

Dated: November 11, 2013

                                        /s/ Erin J. Wynne
                                        ERIN J. WYNNE

COMPLAINT TO DETERMINE DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE